Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, California  94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
Email: mstafford@sjlawcorp.com
Email: erussell@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health and Welfare Trust Fund, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EL CAMINO PAVING, INC., a California Corporation, <br><br> Defendant. | Case No. C15-4446 KAW <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs Operating Engineers' Health and Welfare Trust Fund for Northern California, et al. ("Plaintiffs" or "Trust Funds") and against Defendant El Camino Paving, Inc., a California Corporation ("Defendant"), as follows:

1. Defendant El Camino Paving, Inc. is signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Plaintiff Union ("Union"). The Bargaining Agreement is still in full force and effect.

2. Marie Santellan Alva confirms that she is the RMO of Defendant El Camino Paving, Inc., and is authorized to enter into this Stipulation on behalf of Defendant.

3. Marie Santellan Alva ("Guarantor") also confirms that she is personally guaranteeing the

1

JUDGMENT PURSUANT TO STIPULATION
Case No. C15-4446 KAW                      C:\Users\IMBRIA~1\AppData\Local\Temp\notesF8C1A4\Judgment Pursuant to Stipulation 120915.docx

amounts due herein. Defendant/Guarantor specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendant/Guarantor further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

3. Defendant is currently indebted to the Trust Funds as follows:

| Work Month | Total Contributions Reported Due | Unpaid Contributions | 20% Liquidated Damages[1] | 10% Interest (thru 11/5/15) | Subtotal Due |
|---|---|---|---|---|---|
| 6/15 | $9,157.05 | $4,985.88 | $1,831.41 | $193.46 | $7,010.75 |
| 7/15 | $12,655.92 | $10,968.75 | $2,531.18 | $213.35 | $13,713.28 |
| 8/15 | $12,963.86 | $9,065.22 | $2,592.77 | $123.15 | $11,781.14 |
| | Total due, as shown above, for 6/15-8/15 (through 11/5/15): | | | | $32,505.17 |
| | 20% Liquidated Damages for Late-Paid 9/15 Contributions: | | | | $838.84 |
| | 10% Per Annum Interest for Late-Paid 9/15 Contributions: | | | | $9.95 |
| | Attorneys' Fees (through 10/30/15): | | | | $4,887.50 |
| | Costs (through 10/30/15): | | | | $501.15 |
| | **TOTAL JUDGMENT:** | | | | **$38,742.61** |

## REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION

4. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

   a) <u>Notices to Defendant/Guarantor</u>:  Marie Santellan Alva, El Camino Paving, Inc., 924 San Rafael Ave., Mountain View, CA 94043; email: alvachristina@yahoo.com

   b) <u>Notices to Plaintiffs</u>: Michele R. Stafford, Saltzman & Johnson Law Corp., 44 Montgomery Street, #2110, San Francisco, CA 94104; email: mstafford@sjlawcorp.com, copy to compliance@sjlawcorp.com

5. The requirements pursuant to the terms of this Stipulation are as follows:

   a) **Monthly Payments**: Defendant shall pay the amount of $38,742.61, representing all of the above amounts.

---

[1] Liquidated damages are calculated on the total reported due, per the terms of the Bargaining and Trust Agreements.

2
**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-4446 KAW**              C:\Users\IMBRIA~1\AppData\Local\Temp\notesF8C1A4\Judgment Pursuant to Stipulation 120915.docx

i) Initial payment in the amount of **$6,650.00** to be received by Plaintiffs on or before November 25, 2015.

ii) Payments in the amount of **$6,650.00 per month** shall begin on December 15, 2015, and continue on or before the 15th day of each month thereafter **for a period of five (5) months**. Plaintiffs may require that Defendant/Guarantor pay electronically by ACH/wire transfer, or by cashier's check.

iii) Defendant/Guarantor shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

iv) Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreement(s) and Trust Agreements. Interest shall begin to accrue on November 6, 2015.

b) **Contributions:** Beginning with contributions due for hours worked by Defendant's employees during the month of October 2015, and for every month thereafter until this Judgment is satisfied, Defendant shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

c) **Job Report:** Beginning with the month of October 2015, and for every month thereafter, Defendant shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendant shall also provide Plaintiffs with copies of Certified Payroll Reports.

d) **Audit:** Should the Trust Funds request an audit of Defendant's payroll records pursuant to the requirements of the Bargaining Agreement(s) and/or Trust Agreements, Defendant must contact the auditor within seven days of receiving notice, and must schedule the audit as requested.

i) In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report and written demand for payment to Defendant. In the event that the audit findings are not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

ii) In the event that Defendant disputes the audit findings, Defendant must provide the dispute in writing, with all supporting documentation, within ten days of the date of the

3

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-4446 KAW**    C:\Users\IMBRIA~1\AppData\Local\Temp\notesF8C1A4\Judgment Pursuant to Stipulation 120915.docx

demand. Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due.

        iii)    If Defendant is unable to make payment in full, Defendant may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendant/Guarantor shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

        iv)    Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

    e)  **Fees:** Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

JUDGMENT PURSUANT TO STIPULATION
Case No. C15-4446 KAW

6. In summary, Defendant/Guarantor shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| **Initial payment in the amount of $6,650.00** payable to *Operating Engineers Trust Funds* | November 25, 2015 | Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104 |
| **Stipulated payments in the amount of $6,650.00** payable to *Operating Engineers Trust Funds* | 15th day of each month (12/15/15-4/15/16) | Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104 |
| **Current contribution reports and payments** payable to *Operating Engineers Trust Funds* | 15th day of each month (beginning 11/15/15, for 10/15 hours)[3] | Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104;<br>Plus copies to:<br>compliance@sjlawcorp.com<br>(subject: "El Camino Paving");<br>Operating Engineers Trust Funds<br>P.O. Box 3157<br>Hayward, CA  94540-3157 |
| **Completed job reports** (form attached as Exhibit A to Stipulation) **and Certified Payroll** (if requested) | 15th day of each month (beginning 11/15/15, for 10/15 hours)[4] | compliance@sjlawcorp.com<br>(subject: "El Camino Paving")<br>or<br>Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104 |

7. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Stipulation.

**DEFAULTS UNDER THE TERMS OF THIS STIPULATION**

8. If default occurs, Plaintiffs shall make a written demand to Defendant/Guarantor to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of

---

[2] If the Stipulation has not been fully satisfied by 4/15/16, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

[3] For 10/15 hours only, Defendant shall have until November 25, 2015 to provide Plaintiffs with its 10/15 contribution report and payment.

[4] For 10/15 hours only, Defendant shall have until November 25, 2015 to provide Plaintiffs with its job report.

5

JUDGMENT PURSUANT TO STIPULATION
Case No. C15-4446 KAW         C:\Users\IMBRIA~1\AppData\Local\Temp\notesF8C1A4\Judgment Pursuant to Stipulation 120915.docx

principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any additional (current) contributions/liquidated damages/interest and additional attorney's fees and costs incurred herein.

9. Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendant fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendant/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

10. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

### **MISCELLANEOUS PROVISIONS**

11. The above requirements remains in full force and effect regardless of whether or not Defendant has ongoing work, whether Defendant's account with the Trust Funds is active, or whether Defendant is signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendant has no work to report during a given month, Defendant/Guarantor shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendant has no contributions to report, Defendant/Guarantor shall submit the applicable contribution report stating "no employees."

12. Payments made by joint check shall be endorsed on behalf of Defendant/Guarantor prior to submission, and may be applied toward Defendant/Guarantor's monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendant/Guarantor's monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

6

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-4446 KAW**   C:\Users\IMBRIA~1\AppData\Local\Temp\notesF8C1A4\Judgment Pursuant to Stipulation 120915.docx

13. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant/Guarantor as to the final amount due, including additional interest, any current contributions and related amounts, and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendant/Guarantor default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on April 15, 2016.

14. Defendant/Guarantor waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

15. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

16. The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.

17. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

18. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

19. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

20. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

7

21. Defendant/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

22. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: December 7, 2015    **EL CAMINO PAVING, INC., a California Corporation**

By: _____/S/_____
Marie Santellan Alva, RMO of Defendant El Camino Paving, Inc,

DATED: December 7, 2015    **MARIE SANTELLAN ALVA**

By: _____/S/_____
Marie Santellan Alva, individually, as Guarantor

DATED: December 8, 2015    **SALTZMAN & JOHNSON LAW CORPORATION**

By: _____/S/_____
Erica J. Russell, Attorneys for Operating Engineers Health and Welfare Trust Fund, et al.

DATED: December 9, 2015    **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/S/_____
David E. Hayner, Collections Manager for Plaintiffs, Operating Engineers Local 3 Trust Funds

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

DATED: December ___, 2015

_____
UNITED STATES MAGISTRATE JUDGE

8

JUDGMENT PURSUANT TO STIPULATION
Case No. C15-4446 KAW                C:\Users\IMBRIA~1\AppData\Local\Temp\notesF8C1A4\Judgment Pursuant to Stipulation 120915.docx

**Exhibit A: JOB REPORT FORM**
**Completed Forms Due by the 15th day of each month**
by email to compliance@sjlawcorp.com (subject line: *El Camino Paving*) , <u>or</u>
delivered to Saltzman & Johnson, 44 Montgomery St., Ste. 2110, San Francisco, CA 94104

**Employer: EL CAMINO PAVING, INC.**
Report for the month of _____, 20__ Submitted by: _____

| | | | |
|---|---|---|---|
| **Project Name:** | | **Public or Private?** (Circle one) | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | **Public or Private?** (Circle one) | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

***Attach additional sheets as necessary***

1

**EXHIBIT A to JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-4446 KAW**                C:\Users\IMBRIA~1\AppData\Local\Temp\notesF8C1A4\Judgment Pursuant to Stipulation 120915.docx